**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-6863**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BARKLEY GARDNER, a/k/a Big Black,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Malcolm J. Howard, Senior District Judge.  (4:95-cr-00041-H-8)

_____

Submitted:  February 15, 2022                          Decided:  March 23, 2022

_____

Before DIAZ and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barkley Gardner appeals the district court's order granting in part his motion for a sentence reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The sole issue on appeal is whether the district court erred in finding that it was not authorized to reduce Gardner's life sentence for murder in aid of racketeering and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 1959(a)(1), 2, because Gardner's sentence was the mandatory minimum statutory sentence. We affirm.

In *United States v. Under Seal*, 819 F.3d 715 (4th Cir. 2016), we held that § 1959(a)(1) has a mandatory statutory sentence of death or life imprisonment. We stated that "[u]nder the plain language of § 1959(a)(1), Congress has authorized two penalties— and only two penalties—for the crime of murder in aid of racketeering: death or life imprisonment." *Id*. at 720 (internal quotation marks omitted). We also determined that a fine is not a "stand-alone penalty" for committing murder. *Id*. at 720 n.5. Rather, § 1959(a)(1) authorizes a "fine in addition to either death or life imprisonment." *Id*. (internal quotation marks omitted).

Because the district court could not consider a sentence of less than life imprisonment, we affirm the court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

2